**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| CAROLINE ROSS, § | |
| Plaintiff § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 5:18-cv-269 |
| JUDSON INDEPENDENT § | |
| SCHOOL DISTRICT, DR. CARL A. § | |
| MONTOYA, ELIDA BERA, DR. MELINDA § | |
| SALINAS, RENEE PASCHALL, RICHARD § | |
| LAFOILLE, § | |
| Defendants § | |

**DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE REPLY AND TO EXCEED PAGE LIMITS AND REQUEST FOR EXPEDITED RULING**

TO THE HONORABLE U.S. DISTRICT JUDGE:

NOW COME Defendants, Judson Independent School District ("District"), Dr. Carl Montoya, Elida Bera, Dr. Melinda Salinas, Renee Paschall and Richard LaFoille, in their Individual Capacities ("Individual Defendants") and file their Opposed Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment, or in the Alternative, Motion for Extension of Time to File Reply and to Exceed Page Limits (Dkt. No. 46). In support thereof, the Defendants respectfully show as follows:

1. On May 24, 2019, Defendants filed their motion for summary judgment, which is currently pending before the Court. Dkt. No. 32. On June 12, 2019, the Court issued an order to show cause to Plaintiff because Plaintiff had failed to respond to Defendants' motion for summary judgment. Dkt. No. 33. After consideration of Plaintiff's and Defendants' response to the show cause order (Dkt. Nos. 34, 38), the Court ordered Plaintiff's response to Defendants' motion for

summary judgment be filed on or before August 30, 2019. Dkt. No. 39.

2. On August 30, 2019, after requesting and receiving a multiple-month extension of the response deadline in the local rules, Plaintiff filed her response ("Plaintiff's Response"). Dkt. No. 41. However, Plaintiff concurrently filed an opposed motion for extension of time, requesting an additional 72 hours to file an amended response. Dkt. No. 40. On September 3, 2019, Defendants filed an unopposed motion to extend time and request for expedited ruling, requesting fourteen days from the date of the Court's order on Plaintiff's request for leave to amend her response to file their reply. Dkt. No. 42.

3. On September 3, 2019, Plaintiff filed a Second Motion to Extend Deadline to File her Responses to Docket #32 and for Leave to Amend Her Responses on August 31, 2019, requesting the Court grant her until September 6, 2019 to file her responses. Dkt. No. 43. On September 4, 2019, the Court issued an Order granting Plaintiff's Opposed Motion to Extend Deadline, (Dkt. No. 40), Defendants' Unopposed Motion to Extend Time and Request for Expedited Ruling (Dkt. No. 42), and Plaintiff's Second Motion to Extend Deadline (Dkt. No. 43), allowing Plaintiff to amend her response to Defendants' Motion for Summary Judgment, or in the Alternative, Plea to the Jurisdiction in Part, on or before September 6, 2019 and giving Defendants until September 20, 2019, to file their reply.  Dkt. No. 45.

4. After three additional months and several extensions, Plaintiff ultimately filed her Responses to Defendants' Plea to the Jurisdiction and Motion for Summary Judgment on September 9, 2019, which is untimely, pursuant to the Court's prior Order(s). Dkt. No. 46; *see also* Dkt. No. 39, p. 2 ("No further extensions to respond to this motion for summary judgment will be granted) *and* Dkt. No. 45. Plaintiff also did not move the Court for an extension, nor show good cause and excusable neglect, as required by the Federal Rules. *See* Fed. R. Civ. P. 6 (b).  It should

be stricken from the record accordingly. A court may not permit untimely filing unless there is good cause shown and it "find[s] as a substantive matter ... that the failure to file on time was the result of excusable neglect." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 897, 110 S. Ct. 3177, 3193 (1990)(internal citations omitted). In *Lujan,* the Supreme Court characterized the "excusable neglect" obstacle as "the greatest of all", which necessitates analysis of the asserted cause of the failure and the movant's culpability, irrespective of the equities or the consequences of the failure to timely file. *See id.* In light of Plaintiff's failure to make a motion, to show good cause or excusable neglect, Defendants request that her untimely Response be stricken from the record.

5. Plaintiff's untimely Response is also 102 pages long, and should be stricken from the record for its flagrant violation of the local rules. Dkt. No. 46. Local Rule CV-7(e)(3) of the District Court for the Western District of Texas provides: "Unless otherwise authorized by the court, a response to a dispositive motion is limited to 20 pages." Plaintiff's response clearly exceeds this page limit. Dkt. No. 46. Plaintiff also did not request leave from the court to exceed her page limit. *See id.* Further, Plaintiff's counsel failed to confer or attempt to confer with Defendants' counsel regarding any request to exceed the page limit for response to the motion for summary judgment, pursuant to Local Rule CV-7(i) of the District Court for the Western District of Texas. The Local Rule is clear, and it should be enforced. *See Gulf Petro Trading Co. v. Nigerian Na'tl Petroleum,* 233 F.R.D. 492, 493 (E.D. Tex. 2005)(reasoning that permitting motion to exceed page limit would "invite a paper war, with briefs, responses, replies, and sur-replies of geometrically increasing length"). Neither the complexity nor the number of issues addressed in this straightforward employment case justifies exceeding the page limit and "[n]othing in the papers on file indicates that this case raises novel issues, which would require extensive briefing." *Id.* The Court may choose to enforce the page limit by striking the portions of

Plaintiff's Response which exceed the page limit. *See, e.g., Nat'l Architectural Prods. Co. v. Atlas–Telecom Servs.—USA, Inc.* No. 3:06-CV-0751, 2007 WL 2051125, at *3 (N.D. Tex. July 13, 2007) ("Because defense counsel has exceeded the page limit for reply briefs without leave to do so, the court will consider only the information included in the first 10 pages of the respective replies."). The Court may enforce the page limit by striking Plaintiff's Response in its entirety. *Rodgers v. Louisiana Bd. of Nursing,* 665 Fed. Appx. 326, 328 (5th Cir. 2016).

6. Due to Plaintiff's failure to timely respond to Defendants' motion for summary judgment after multiple extensions, or to make a motion showing good cause and excusable neglect for her failure, coupled with Plaintiff's failure to comply with the page limit set by the Local Rules, Plaintiff's response to Defendants' motion for summary judgment should be stricken from the record, in part or in its entirety. In the alternative, Defendants respectfully request that the Court enforce its local rules and order Plaintiff to file a response which complies with LR CV-7 as to page limits, and for which no further extensions are given. Failing that, should the court deem Plaintiff's untimely tome filed, Defendants request an additional 8 week extension of time from the date of the Court's ruling on this Motion to file their Reply to Plaintiff's Response. Defendants further, and reluctantly, request leave from the Court to exceed page limitations in the filing of their Reply. Specifically, Defendants seek leave to file a 50-page reply, if necessary, to fully address Plaintiff's 102 page response to their motion for summary judgment.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that their Opposed Motion to Strike Plaintiff's Response to Defendants' Plea to the Jurisdiction and Motion for Summary Judgment be granted, and that the response be stricken from the record and not considered for any purpose. In the alternative, Defendants pray that they be granted an 8 week

extension from the date of the Court's Order on this motion to file their Reply to Plaintiff's Response to Plea to the Jurisdiction and Motion for Summary Judgment and further pray that they be allowed to file a 50 page Reply, if necessary in, order to fully address Plaintiff's 102 page response and grant them any and all relief to which they have shown themselves justly entitled.

                      Respectfully submitted,

By:    */s/ Katie E. Payne*
       Katie E. Payne
       State Bar No. 24071347
       kpayne@wabsa.com
       D. Craig Wood
       State Bar No. 21888700
       cwood@wabsa.com

**WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.**
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
TEL. NO.: (210) 979-6633
FAX NO.: (210) 979-7024

### CERTIFICATE OF CONFERENCE

     I hereby certify that on September 16, 2019, the undersigned counsel attempted to confer with Plaintiff's Counsel regarding the contents of this motion. Plaintiff's counsel did not respond. Therefore, this motion is filed as opposed.

                      */s/ Katie E. Payne*
                      Katie E. Payne

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September, 2019, a true and correct copy of the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system and notification of such filing will be electronically sent to:

Laurence "Larry" Watts
Watts & Company, Lawyers, Ltd.
P.O. Box 2214
Missouri City, Texas 77459

                                             /s/ *Katie E. Payne*
                                             KATIE E. PAYNE