UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CAROLINE ROSS, § | |
| Plaintiff § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 5:18-cv-269 |
| JUDSON INDEPENDENT § | |
| SCHOOL DISTRICT, DR. CARL A. § | |
| MONTOYA, ELIDA BERA, DR. MELINDA § | |
| SALINAS, RENEE PASCHALL, RICHARD § | |
| LAFOILLE, § | |
| Defendants § | |

**<u>DEFENDANTS' REPLY TO PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PLEA TO THE
JURISDICTION IN PART</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants and file this reply to Plaintiff's amended response to their motion for summary judgment, and in the alternative, plea to the jurisdiction in part, and show the Court the following:

**V. ARGUMENTS AND AUTHORITIES**

A. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT.

1.     Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321-25, 106 S.Ct. 2548, 2551-54 (1986). A party opposing a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–57, 106 S.Ct. 2505, 2513–14 (1986). Summary judgment is not a "disfavored procedural shortcut, but

rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555. When ruling on a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).

2. "Needless to say, unsubstantiated assertions are not competent summary judgment evidence." *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998)(citing *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553). Plaintiff, as the party opposing summary judgment, was required to identify specific evidence in the record and to articulate the precise manner in which that evidence supported her claim. *See Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994). Instead, Plaintiff's Amended Response is replete with unsubstantiated assertions and fraught with sentences, and even whole paragraphs, from which no relevant meaning can be derived. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 & n. 7 (5th Cir. 1992).

## B. PLAINTIFF'S TCHRA CLAIM FAILS AS A MATTER OF LAW.

### 1. PLAINTIFF FAILED TO ESTABLISH HER *PRIMA FACIE* CASE.

3. In order to establish her *prima facie* case, Plaintiff was required to show that she was: (1) a member of the protected class under the TCHRA, (2) qualified for her employment position, (3) terminated, and (4) replaced by someone outside the protected class. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 372 S.W.3d 629, 642 (Tex. 2012). The undisputed evidence shows that Plaintiff was replaced by Debbie Grady, an African American woman who was older than Plaintiff, on an

interim basis, then by Dr. Tracey Valree, who is also an African American woman over 40. Dkt. No. 32, ¶¶ 6-8; Dkt. No. 54, pp. 2.

4. Plaintiff tries to evade these dispositive factors by asserting that when she was suspended, she tried to appoint Assistant Principal Nato James, an African American male in his 30s, to be interim Principal. Dkt. No. 54, p. 2. Plaintiff then concedes that she was actually replaced on an interim basis by Debbie Grady, and furthermore concedes that Ms. Grady is a comparably aged African American woman. *See id.* Plaintiff puts forth no authority to support her apparent proposition that the Assistant Superintendent (Bera) and Superintendent (Montoya), were required to follow Plaintiff's request as to her chosen appointee to replace her while she was on suspension and under investigation for misconduct. *See id.* Instead, Plaintiff acknowledges that Ms. Grady served as Interim Principal for the remainder of the 2015-2016 school year, then Dr. Valree served as Principal beginning with the 2016-2017 school year. *See id.* at pp. 2-3. Plaintiff then asserts that a white female became principal (Loretta Davidson) for the 2019-2020 school year, after the campus did poorly on the 2019 STAAR test, and alleges that this was former Assistant Superintendent Bera's plan all along. *See id.* at 3. However, Plaintiff acknowledges that Bera left JISD in November of 2018 to become Superintendent for Kingsville ISD. *Id.* at 21. She puts forth no evidence or argument as to how Bera could have offered Davidson the principal position over six months after Bera left employment with JISD. *See id.* Moreover, Plaintiff provides no legal authority for her proposition that her *prima facie* case can be sustained where the first and second persons to replace her were not outside the protected class, but the third person to hold her position was, and where that person took over the position almost 3 and a half years after Plaintiff vacated it. *See id.* Because the undisputed evidence shows that Plaintiff was not replaced by someone outside her protected class(es), she cannot establish her *prima facie* case, and JISD retains its

governmental immunity from suit. *See Mission Consol. Indep. Sch. Dist. v. Garcia,* 372 S.W.3d 629, 642 (Tex. 2012).

### 2. PLAINTIFF'S EMPLOYMENT CONTRACT WAS NON-RENEWED FOR LEGITIMATE BUSINESS REASONS, AND SHE FAILED TO SHOW PRETEXT.

5.  In their Motion, Defendants met their burden of production as to the legitimate business reasons supporting the nonrenewal of Plaintiff's contract. *See* Dkt. No. 32, ¶¶ 12-13. In order to survive summary judgment or the jurisdictional plea, Plaintiff bore the burden of producing evidence that the proffered reasons were false and a pretext for discrimination. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782-83 (Tex. 2018). Instead of offering evidence to attempt to show pretext, Plaintiff's Response mounted a collateral attack on the sufficiency of the statutory notice letter, nonrenewal hearing procedures and evidence reviewed, and the Texas Commissioner of Education's Opinion finding on appeal that her nonrenewal was not illegal and was supported by substantial evidence. *See* Dkt. No. 54. The Texas Education Code provided Plaintiff with an opportunity for judicial appeal of the Commissioner's adverse decision, in which she could have challenged the nonrenewal procedures and Commissioner's findings of fact and conclusions of law. *See* TEX. EDUC. CODE § 21.307. However, a plain reading of Plaintiff's Petition makes clear that she is not seeking judicial review of the Commissioner's decision, nor did she file suit within the 30-day statutory limit, as almost a year elapsed between the Commissioner's decision and her initial filing in state court. *See* Plaintiff's Original Pet., Dkt. No. 1-2, p. 14 *and* Dkt. No. 32-41. Plaintiff's collateral attack on the Commissioner's findings via her discrimination claim is barred. *See, e.g. Nairn v. Killeen Indep. Sch. Dist*., 366 S.W.3d 229, 243 (Tex. App. – El Paso 2012, no pet.); *Point Isabel Indep. Sch. Dist. v. Hernandez,* 13-17-00705-CV, 2019 WL 2462342, at *3 (Tex. App.—Corpus Christi June 13, 2019, pet. denied)

6.     Moreover, while Plaintiff denies some, but not all, of the performance issues supporting her nonrenewal, "such denials are insufficient to create a fact issue as to causation" *Alamo Heights Ind. Sch. Dist.,* 544 S.W.3d at 792 (citing *Jackson v. Cal–W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010) ("Jackson's assertion of innocence alone does not create a factual issue as to the falsity of Cal–Western's proffered reason for terminating him."); *Evans v. City of Hous.*, 246 F.3d 344, 355 (5th Cir. 2001) (plaintiff "cannot survive summary judgment merely because she disagrees with the [employer]'s characterization of her disciplinary history"). Plaintiff failed to put forth competent summary judgment evidence establishing a genuine issue of material fact as to pretext, and this Court lacks subject matter jurisdiction, or in the alternative, summary judgment should issue as to Plaintiff's discrimination claims under Ch. 21 of the Texas Labor Code.

C.     **PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM FAILS AS A MATTER OF LAW.**

     **1.     Plaintiff did not engage in protected speech.**

7.     It is axiomatic that not all government employee speech is protected by the First Amendment. Plaintiff failed to meet her burden of establishing that (1) she spoke as a private citizen, (2) her speech that involved a matter of public concern, or (3) that her speech motivated her nonrenewal. *Breaux v. City of Garland*, 205 F.3d 150, 156 (5th Cir. 2000) (citing *Harris v. Victoria Indep. Sch. Dist.,* 168 F.3d 216, 220 (5th Cir.1999)(citations omitted)).

        **i.     Plaintiff did not speak as a private citizen.**

8.     Plaintiff addressed her First Amendment claims starting on the bottom of page 27 of her Response, and continuing through page 29. *See* Dkt. No. 54, pp. 27-29. This section of Plaintiff's Response lacks any specific factual assertions supported by citation to record evidence to show that she spoke as a private citizen. *See* Dkt. No. 54, pp. 27-29. As such, she has failed to establish a genuine issue of material fact as to these claims. *See Forsyth,* 19 F.3d at 1537.

9. Furthermore, Plaintiff makes clear in her Response that her speech was pursuant to her ordinary job duties, including presenting to the Board about a community services grant she had secured for her campus. Dkt. No. 54, pp. 28-29. The remainder of her alleged speech, although difficult to discern, focuses on her support for Associate Superintendent Robinson and Superintendent Mackey's various projects for JISD. *See id.* This speech within the chain of command and about her participation in the District's business indicate that it was speech related to Plaintiff's job duties, rather than speech as a private citizen. *Caleb v. Grier,* 598 Fed. Appx. 227, 236 (5th Cir. 2015); *see also Davis v. McKinney,* 518 F.3d 304, 313 (5th Cir.2008)("Cases from other circuits are consistent in holding that when a public employee raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job."). Her free speech claim should be denied accordingly.

### ii.     Plaintiff did not speak on a matter of public concern.

10. Plaintiff's Response is also devoid of any factual assertions supported by citation to evidence to show that she spoke on a matter of public concern. *See* Dkt. No. 54, pp. 27-29. Her claim should be denied accordingly.

11. Speech involves a matter of public concern if it can be "fairly considered as relating to any matter of political, social, or other concern to the community." *Connick v. Myers,* 461 U.S. 138, 146 (1983). Not all statements made by public employees about their work or co-workers or even their superiors are entitled to constitutional protection. *Id.* at 149. "To presume that all matters which transpire within a government office are of public concern would mean that virtually every remark-and certainly every criticism directed at a public official-would plant the seed of a constitutional case." *Id.* All of Plaintiff's identified speech relates to matters that concerned her

personal job conditions, without any evidence of a broader public discourse. Dkt. No. 54, pp. 27-29. Her speech claims fails as a matter of law.

### 2. Plaintiff did not engage in protected association.

12. Plaintiff's Response is devoid of any specific factual assertions supported by evidentiary citation to show that she engaged in protected activity. *See* Dkt. No. 54, pp. 27-29. Plaintiff's associational claim is especially threadbare, consisting of mere conclusory incantations that her right to association was violated. *See* Dkt. No. 54, p. 28. Plaintiff "like all citizens, has a constitutionally protected right to actively support, work for and campaign for a partisan candidate for political office or even to run for such office [her]self." *McCormick v. Edwards,* 646 F.2d 173, 175 (5th Cir. 1981)(citing *Elrod,* 427 U.S. 347, 370-71, 96 S.Ct. 2673, 2688 (1976); *Lubin v. Panish*, 415 U.S. 709, 94 S.Ct. 1315 (1974); *McBride v. Askew,* 541 F.2d 465 (5th Cir. 1976)). Plaintiff cites no authority for her nebulous assertion that she can pursue an association claim because she "supported" a former Superintendent and former Assistant Superintendent, who were employees rather than political partisans, and who both retired from JISD. *See* Dkt. No. 54, pp. 3-4, 27-29. Her claim should be denied accordingly.

### 3. Plaintiff's employment contract was non-renewed for legitimate reasons.

13. As previously asserted in section B.2 of this Reply, Plaintiff's employment contract was not renewed for legitimate, non-retaliatory reasons. Plaintiff's scattered factual assertions, untethered to any record citation evidence, are insufficient to establish causation. *See* Dkt. No. 54, pp. 27-29. With the exception of her allegation that she presented to the board regarding a community grant for her campus several months prior to her nonrenewal, there is no evidence, nor even any specific factual allegations that any of the Board members were aware of Plaintiff's identified instances of speech or association. *See id.*

C. **PLAINTIFF FAILED TO ESTABLISH VIOLATION OF DUE PROCESS.**

### 1. Plaintiff has not been deprived of a protected liberty interest.

14.     While Plaintiff failed to establish a genuine issue of material fact as to most of the seven elements for which she bears the burden at trial, in the interest of brevity, it should suffice to point out that Plaintiff acknowledges in her Response that she requested and was given a hearing by the JISD Board of Trustees prior to her discharge. *See* Dkt. No. 54, p. 11. Thus, the undisputed evidence precludes her from establishing elements 4 and 7:

> (1) that she was discharged;
> (2) that stigmatizing charges were made against her in connection with the discharge;
> (3) that the charges were false;
> (4) that she was not provided notice or an opportunity to be heard prior to her discharge;
> (5) that the charges were made public;
> (6) that she requested a hearing to clear her name; and
> (7) that the employer refused her request for a hearing.

*Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000). Plaintiff furthermore did not dispute that she was the one to publicize the charges by requesting that the hearing be open to the public. *See* Dkt. No. 54. Plaintiff's due process claims thus fails as a matter of law.

### 2. Plaintiff has not been deprived of a protected property interest.

15.     As acknowledged by Plaintiff's Response, pursuant to the Texas Education Code, an educator cannot have a property interest in a term contract beyond the period of time in the contract. *See* Dkt. No. 54, p. 11; *see also* TEX. EDUC. CODE § 21.204. Plaintiff also conceded that she is not complaining about the loss of her 2015-2016 contract; instead, she rests her case on the alleged lack of fundamental fairness in the procedures by which it was not renewed. *See* Dkt. No. 54, p. 11. A lack of process is insufficient to establish Plaintiff's claim. *Nunez v. Simms,* 341 F.3d

385, 387–88 (5th Cir.2003). Plaintiff's conceded lack of a protected property interest at issue compels summary judgment.

### 3. Plaintiff received all the process she was due.

16.     The undisputed evidence shows that Plaintiff was provided with notice of the charges against her, a pre-discharge hearing at which she was represented by counsel, and administrative review of the nonrenewal decision by the Texas Commissioner of Education. *See* Dkt. No. 54, pp. 8-9, 11, 15. While Plaintiff takes issue with the specificity of the notice letter and its attached witness statements, she puts forth no evidence that requested clarification or more specific notice of the witnesses and charges against her. *See* Dkt. No. 54, p. 9. Plaintiff also spent several pages of her Response trying to make an issue of the Board's review of her most recent performance evaluation at the nonrenewal hearing, but eventually conceded that it was reviewed by the Board. Dkt. No. 54, pp. 8-9. Plaintiff failed to establish a genuine issue of material fact showing that she failed to receive all the pre- and post- discharge process to which she was entitled under state law, which more than meets the minimum constitutional requirements of notice and an opportunity to respond. *Loudermill*, 470 U.S. at 546. Her due process claims should be denied accordingly.

### D. CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY ARE REDUNDANT AND SHOULD BE DISMISSED.

17.     Defendants asserted in their Motion that the claims against them in their official capacity should be dismissed because an official capacity suit is to be treated as a suit against the governmental entity itself, and the established course of action in these circumstances is to dismiss the claims against the individual sued in her official capacity. Dkt. No. 32, ¶ 36 (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690 n. 55. (1978)). Plaintiff did not oppose this argument in her Response, and the law is clearly established in favor of dismissal.

### E. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

18. In their Motion, Defendants asserted that the Individual Defendants were entitled to qualified immunity. Dkt. No. 32, ¶ 37. In suits brought under federal law, government employees are presumptively entitled to the defense of qualified immunity, and once the defense is asserted, the burden shifts to the plaintiff to show that immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992); *Bennett v. City of Grand Prairie*, *Tex.*, 883 F.2d 400, 408 (5th Cir. 1989). In order to survive, claims against state actors in their individual capacities "must be pleaded with factual detail and particularity, not mere conclusory allegations." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Plaintiff failed to overcome the Individual Defendants' qualified immunity, as the portion of her Response addressing her constitutional claims is completely devoid of factual assertions supported by evidentiary citation. *See* Dkt. No. 54, pp. 27-29.

19. The only mentions in Plaintiff's Response of Defendant Renee Paschall, are that: (1) she is an African American female who was allegedly openly hostile to Plaintiff and elected to the Board of Trustees in 2015; and 2) that Ms. Paschall is a public official or public figure. Dkt. No. 54, pp. 3, 29. Neither of these assertions is supported by citation to evidence (*see id.*); moreover, they in no way support a constitutional violation on the part of Ms. Paschall.

20. Plaintiff similarly only alleges that Richard LaFoille is White, was a member of the Board of Trustees in 2015-2016, and is a public official or public figure. Dkt. No. 54, pp. 3, 29. Again, neither of these assertions is supported by evidentiary citation (*see id.*), nor do they constitute a constitutional violation by Mr. LaFoille.

21. As to Dr. Melinda Salinas, Plaintiff merely asserts that she was a member of the Board of Trustees in 2015-2016, related to another board member, and a former principal of a JISD High

School who had allegedly been suspended by former superintendent Mackey in 2011, and is a public official or public figure. Dkt. No. 54, pp. 3, 29. These assertions are unsupported by evidentiary citation in Plaintiff's Response. *See id.* While Plaintiff does assert that Dr. Salinas was a member of the JISD Board on June 7, 2016 voting to non-renew Plaintiff's employment, that assertion is not supported by evidentiary citation, nor is it sufficient to establish that by voting to non-renew Plaintiff's employment, Dr. Salinas violated her First or Fourteenth Amendment rights. Dkt. No. 54, p. 18.

22. Plaintiff has already voluntarily dismissed Dr. Montoya from this suit as to damages. Dkt. Nos. 49, 52. While Plaintiff has requested equitable relief, and has not dismissed Dr. Montoya in that respect, Dr. Montoya retired from JISD in 2018. *See* Official and Approved Minutes of Special Meeting, February 5, 2018, Board of Trustees, Judson ISD *available at* https://v3.boardbook.org/Public/PublicItemDownload.aspx?mk=50275012&fn=minutes.pdf (last accessed on October 31, 2019). Because Dr. Montoya is no longer employed by JISD, any request for equitable relief as to him should also be dismissed as moot.

23. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir.2002) (citation omitted). Moreover, in the context of a §1983 claim against a defendant in her individual capacity, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.1983). In order for Plaintiff's claims against the Individual Defendants to survive summary judgment, she was required to present competent evidence of personal involvement by Bera, Montoya, Salina, LaFoille and Paschall in violating her free

speech/association or due process rights. Because the record is devoid of such evidence, summary judgment should issue.

### F. PLAINTIFF CANNOT RECOVER EXEMPLARY OR PUNITIVE DAMAGES.

24.     Defendants asserted in their Motion that that Plaintiff's requests for punitive or exemplary damages under either the Texas Labor Code or 42 U.S.C. § 1983 are barred as a matter of law. Dkt. No. 32, ¶ 38 (citing TEX. LABOR CODE ANN. § 21.2585 (b) and *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Oden v. Oktibbeha Cty., Miss.,* 246 F.3d 458, 465-66 (5th Cir. 2001)). Plaintiff did not address this argument in her Response; moreover, the law is clear. Her requests for exemplary or punitive damages should be denied accordingly.

## CONCLUSION

Defendants respectfully move this Court to grant their Motion for Summary Judgment, or in the alternative, dismiss Plaintiff's TCHRA claims for lack of subject-matter jurisdiction, deny Plaintiff's claims in their entirety, and grant Defendants all such other and further relief, special or general, at law or in equity, to which they show themselves justly entitled.

Respectfully submitted,

WALSH, GALLEGOS, TREVIÑO,
 RUSSO & KYLE, P.C.
1020 N.E. Loop 410, Suite 450
San Antonio, Texas  78209
TEL NO.: (210) 979-6633
FAX NO.: (210) 979-7024

By:     /s/ *D. Craig Wood*
D. Craig Wood
ATTORNEY IN CHARGE
State Bar No. 21888700
cwood@wabsa.com
Katie Elizabeth Payne
State Bar No. 24071347

kpayne@wabsa.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**COUNSEL FOR PLAINTIFF:**
LAURENCE "LARRY" WATTS
WATTS & COMPANY, LAWYERS, Ltd.
P.O. Box 2214
Missouri City, Texas 77459

/s/ *Katie E. Payne*
Katie E. Payne